[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 8, 1999 Date of Application January 8, 1999 Date Application Filed February 5, 1999 Date of Decision October 24, 2000
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket Number CR 94-460379.
Gerald Klein Defense Counsel, for Petitioner.
Victor Carlucci, Jr. Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
Following a jury trial the petitioner was convicted of conspiracy to commit robbery 1st degree (§§ 53a-48 and 53a-134). He was sentenced to the maximum term of twenty years. (Five years of which are non-suspendable). He was originally sentenced in October 1995, but did not file for sentence review until February 1999, after by way of a habeas corpus proceeding, his right to a sentence review hearing was restored.
The underlying offense occurred on June 29, 1994 when the petitioner and two others decided to rob a small grocery store in Hartford. There was testimony that the petitioner supplied the guns to be used; that the petitioner went into the store first and after seeing only one person in the store, returned to the vehicle while the other two men went into the store where the victim proprietor was shot and killed. Thereupon the two returned to the car with Alvarado driving to make their getaway. He then hid the car and gun used. The victim's wife was in the basement of the store at the time.
While out on bond awaiting trial the petitioner was arrested for possession and sale of narcotics within 1500' of a school.
Defense counsel argues there was a disproportionate disparity in the sentence of the three conspirators. The one, who actually shot the victim was sentenced to fifty years after guilty to felony-murder. The other, who testified at the petitioner's trial, received a seven year sentence according to counsel and that given the petitioner's age (seventeen as of the sentencing) his sentence was overly severe.
In his remarks, Alvarado expressed remorse and claims substance abuse was a factor.
As the state's attorney points out this was not Alvarado's posture at the time. He denied being involved with the crime at all and also denied using illegal drugs.
The sentencing Court was faced with a defendant who was in denial, which did not bode well for a rehabilitative type of sentence. The Court properly took into account the lack of cooperation, remorse and acceptance of responsibility by this petitioner. It was not disproportionate or unreasonable that he receive a longer sentence than the co-conspirator Catala. CT Page 13998
This sentence was neither disproportionate nor inappropriate when reviewed pursuant to the provisions of Practice Book § 43-28. It is affirmed.
KLACZAK, JUDGE.
MIANO, JUDGE.
IANNOTTI, JUDGE.
Klaczak, Miano and Ianotti, J.s, participated in this decision.
(The petitioner, after conferring with counsel, expressly waived any potentially disqualifying conflict with Judge Miano).